UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK CHOMOS,

    Plaintiff,

v.                                 Case No. 15-10103

WOODHAVEN POLICE DEPARTMENT, et al.,

    Defendants.
                              /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
AND (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pending before the court is the Report and Recommendation (Dkt. # 119) of United States Magistrate Judge David R. Grand, to whom the case had been referred for review pursuant to 28 U.S.C. §636(b)(1)(A) and (B). Brownstown Township Police Department Defendants Bryan Wheeler, Jonathan Smith, and Brian Ramsey (collectively the "Township Defendants") have filed a Motion for Summary Judgment (Dkt. # 92.) The magistrate judge recommends that the motion be granted. *Pro se* Plaintiff Mark Chomos has filed a series of documents that the court will construe as objections pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich LR 72.1(d)(2). (Dkt. ## 120-23.) Plaintiff's objections are not timely, but in light of Plaintiff's limited access to legal resources in custody (*see* Dkt. # 120) the court will consider them anyway.

The court will adopt the Report and Recommendation and grant Defendants' Motion for Summary Judgment for the reasons provided below.

## II. STANDARD

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have been submitted in support of the motions to determine the outcome of the motions. A failure to file objections, or a failure to file *specific* objections, each constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991).

In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

## II. DISCUSSION

Plaintiff seeks to hold the Township Defendants liable for failing to stop or actively participating in the excessive force allegedly used against him by several officers of the Woodhaven Police Department. (Dkt. # 57.) In the Sixth Circuit, law enforcement officials may be held liable for the use of excessive force when an officer

2

"(1) actively participated in the use of excessive force; (2) supervised the officer who used excessive force; or (3) owed the victim a duty of protection against the use of excessive force." *Binay v. Bettendorf*, 60 F.3d 640, 650 (6th Cir. 2010) (internal quotations and citations omitted). Magistrate Judge Grand recommends that the Township Defendants' Motion for Summary Judgment be granted because "it is undisputed that none of the Township Defendants physically touched Plaintiff," that they "were not supervising the Woodhaven Defendants" and Plaintiff could not show that the Township Defendants "owed him a duty of protection." (Dkt. # 119, Pg. ID 2890-91.)

Plaintiff lists ten objections to the Report and Recommendation. (Dkt. # 123.) Plaintiff only provides factual or legal support for his first three objections and provides no support for the remaining seven. (*Id.*) The court will treat these seven as unavailing general objections and will not consider them. *Howard,* 932 F.2d at 508-509. The court will overrule the three remaining objections, with one exception.

### A. Objection One

Plaintiff first objects to Magistrate Judge Grand's finding that the Township Defendants were not supervising the Woodhaven Defendants. (Dkt. # 123.) Plaintiff argues that "the act of arriving to assist" necessarily places the assisting Township Defendants in a supervisory role, because the Township Defendants would "supervise the event that would unfold at the scene." (*Id.* (internal quotation marks and formatting omitted).) Plaintiff appears to confuse "supervise" with "observe." The Township Defendants' mere presence on the scene does not place them in a supervisory role. Neither did Officer Wheeler assume a supervisory role merely by giving his taser to Sgt. Zdankiewicz. It is undisputed that Sgt. Zdankiewicz was the highest ranking officer on

3

the scene and the officer in charge. (Dkt. # 124, Pg. ID 2926.) Sgt. Zdankiewicz, not any of the Township Defendants, supervised the officers alleged to have used excessive force. Plaintiff's first objection therefore fails on the undisputed facts.

### B. Objection Two

Second, Plaintiff objects that the Township Defendants owed him a duty of protection. To establish such a duty, Plaintiff must show that the Township Defendants "observed or had reason to know that excessive force would be or was being used" and "had both the opportunity and the means to prevent the harm from occurring." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

Defendants have put forward evidence establishing that Officer J. Smith did not arrive at the scene until Plaintiff was already in the Woodhaven Defendants' custody "standing near a patrol car." (Dkt. # 92-6 at 3, 4; Dkt. # 92-4 at 2.) In opposition, Plaintiff relies primarily on his own affidavit (Dkt. # 121), which he submitted for the first time with his objections. "Conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact" and are insufficient to withstand a motion for summary judgment." *Mav of Michigan, Inc. v. American Country Ins. Co.* 289 F. Supp.2d 873, 875 n.3 (E.D. Mich. 2003) (Hood, J.) (quoting *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002)). It is not genuinely disputed that Officer J. Smith arrived after Plaintiff was in custody and, as a result, that he lacked the "opportunity or means" to prevent the alleged excessive use of force. *Scott*, 119 F.3d at 429. Similarly, Plaintiff offers no evidence beyond his newly drafted affidavit to show that Officer Ramsey was in a position to observe or intervene in the allegedly excessive use of force.

4

While Officer Wheeler was at least present at the scene for the incident, presence alone does not establish that he "observed or had reason to know that excessive force would be or was being used" and "had both the opportunity and the means to prevent the harm from occurring." *Turner*, 119 F.3d at 429 (6th Cir. 1997). As the magistrate judge observed, Officer Wheeler's sworn statements indicate that "he had an obstructed view of the entire incident at issue, due to the confined space and the Woodhaven police officers in front of him." (*Id.* (citing Dkt. # 92-5).) As a result, "he could not see the specific actions of Chomos or Sergeant Zdankiewicz, including the number of times the taser was deployed or the duration of each drive stun." (*Id.*) Plaintiff has not pointed to evidence in the record that contradicts Officer Wheeler's statements that he was unable to see what was occurring. Further, as the magistrate judge notes, the relatively short time-frame suggests that Officer Wheeler would not have had enough time to intervene, even assuming he had been able to observe. (*Id.* at 2893 n.4.) The court agrees with and echoes the magistrate judge's reasoning with respect to Officer Wheeler as well.

### C. Objection 3

Third, Plaintiff objects to the magistrate judge's finding that the Township Defendants' involvement was tangential and not "active participation." (Dkt. # 123.) Plaintiff again relies on Officer Wheeler loaning his taser to Sgt. Zdankiewicz, and does not address the other Township Defendants. (*Id.*) The court agrees with the magistrate judge's reasoning with respect to all three Township Defendants: Officer J. Smith was not on the scene, and Plaintiff has not offered any evidence to suggest Officer Ramsey Okaywas involved. Officer Wheeler lending Sgt. Zdankiewicz his taser upon request,

5

without touching or otherwise interacting with Plaintiff, does not rise to the level of "active involvement" required in *Binay*, 60 F.3d at 650. Plaintiff's third objection to the Report and Recommendation is overruled.

## IV. CONCLUSION

The court has read the report and recommendation and finds that it is well-reasoned, thorough, and correct. Accordingly,

IT IS ORDERED that Plaintiff's Objections (Dkt. ## 120-23) are OVERRULED. The magistrate judge's Report and Recommendation (Dkt. # 119) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Dkt. # 92) is GRANTED.

                                                s/ Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: September 22, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2016, by electronic and/or ordinary mail.

                                                s/ Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\15-10103.CHOMOS.R&R.summary.judgment.adopt.tlh.wpd