UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK CHOMOS,

          Plaintiff,         Civil Action No. 15-10103
v.                                  Honorable Robert H. Cleland
                                       Magistrate Judge David R. Grand

WOODHAVEN POLICE
DEPARTMENT, *et al.*,

          Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AND DISMISS [137]

Before the Court is a Motion to Enforce Settlement and Dismiss filed by Defendants Woodhaven Police Department, Frank Zdankiewcz, Ryan Smith, Brian Baker, Toth, Burst, City of Woodhaven, and Michael Graham (collectively the "Woodhaven Defendants") on January 18, 2017. (Doc. #137). *Pro se* Plaintiff Mark Chomos ("Chomos") filed a response to this motion on February 8, 2017 (Doc. #147), and the Woodhaven Defendants filed a reply on February 16, 2017 (Doc. #150).

An Order of Reference was entered on October 12, 2016, re-referring all pretrial matters to the undersigned. (Doc. #129). The Court held a hearing on this motion on March 16, 2017.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the Woodhaven Defendants' Motion to Enforce Settlement and Dismiss (**Doc. #137**) be **DENIED**.

**II.    REPORT**

    **A.    Factual Background**

Chomos is a State of Michigan prisoner who is currently confined at the G. Robert Cotton Correctional Facility on charges unrelated to the events at issue in the underlying lawsuit. He

brings this civil rights action pursuant to 42 U.S.C. §1983, alleging violations of the Fourth, Eighth, and Fourteenth Amendments in connection with the defendants'[1] alleged use of excessive force in subduing and arresting him on April 13, 2014.  (Doc. #1).

On November 14, 2016, the Court held a settlement conference in an attempt to forge a mutually agreeable resolution of Chomos' claims against the Woodhaven Defendants.  Present at the settlement conference were: (1) counsel for the Woodhaven Defendants, John Gilooly; (2) Chomos (who participated by telephone); and (3) Chomos' Power of Attorney, Bonnie Zabel.  The Woodhaven Defendants assert that, at the conclusion of that settlement conference, "the parties agreed, by way of counsel, to settle this case for $12,500" and to "finalize the settlement within the next few weeks."  (Doc. #137 at 2).

In the weeks following the settlement conference, Mr. Gilooly and Ms. Zabel communicated by e-mail in an effort to finalize the settlement.  According to the Woodhaven Defendants, the "agreement to settle, and the intents of the parties to settle, [were] memorialized multiple times" in this e-mail correspondence.  (*Id.*).  Indeed, at Ms. Zabel's urging, Mr. Gilooly sent her a proposed Full and Final Release and Stipulated Order of Dismissal on December 5, 2016.  (*Id.* at Ex. B, C).

In the meantime, however, on December 12, 2016, the State Treasurer initiated suit in the Wayne County Circuit Court against Chomos, Ms. Zabel, and Mr. Gilooly, seeking partial reimbursement for Chomos' cost of care while incarcerated pursuant to the State Correctional Facility Reimbursement Act ("SCFRA"), M.C.L. §800.401 *et seq.*  (*Id.* at Ex. D).  The

---

[1] On June 16, 2016, this Court entered a Report and Recommendation ("R&R") to grant the motion for summary judgment filed by Brownstown Township Police Department Defendants Bryan Wheeler, Jonathan Smith, and Brian Ramsey.  (Doc. #92).  On September 22, 2016, the District Court issued an Opinion and Order adopting the R&R over Chomos' objections.  (Doc. #125).  Thus, the only remaining defendants in this case are the Woodhaven Defendants.

Woodhaven Defendants now assert that, within one day of the filing of the State Treasurer's action, Chomos "unilaterally reversed his decision and informed Defendants' counsel that he no longer wished to settle the case." (*Id.* at 6). Consequently, the Woodhaven Defendants argue that "the overwhelming and obvious implication is that [Chomos'] decision to reject settlement was *wholly* driven by the initiation of the State Treasurer's lawsuit." (*Id.* (emphasis in original)). As a result, the Woodhaven Defendants filed the instant motion, seeking to enforce the terms of the parties' alleged settlement.

In response, Chomos asserts that there is a clear dispute as to the essential terms of the parties' agreement. Specifically, in a sworn affidavit, Chomos summarizes his understanding of the terms of the settlement as follows: if he would agree to settle his claims for $12,500, the Woodhaven Defendants, by and through counsel, "would structure the settlement so [Chomos] could retain all proceeds of the $12,500 offered." (Doc. #147 at Ex. A, ¶6). Indeed, Chomos explicitly states that the terms he "agreed to" were as follows: (1) the Woodhaven Defendants "would settle this claim for $12,500.00"; (2) $500.00 of this amount would be deposited into Chomos' prisoner account immediately, with the balance to be paid within 21 days; and (3) Mr. Gilooly "would have the check made out to the person of [Chomos'] choosing, so the settlement would be protected from seizure" by the State Treasurer. (*Id.* at Ex. A, ¶8). Ms. Zabel also avers that it was her understanding that Mr. Gilooly "would structure the settlement to allow Mr. Chomos to receive 100% of the $12,500.00." (*Id.* at Ex. B, ¶11). Because the Woodhaven Defendants now dispute that this was agreed to, Chomos asserts that "there is no doubt that there was no meeting of the minds, on November 14, 2016, as to all of the essential terms." (*Id.* at 4).

### B.     Legal Standard

The Court has the equitable power to enforce a settlement agreement. *See Brock v.*

*Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). A valid settlement agreement, like a contract, requires a meeting of the minds on all essential terms. *See Riccio v. Bank of America*, 2013 WL 6182837, at *3 (E.D. Mich. Nov. 26, 2013). As the *Riccio* court further explained:

> A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not to their subjective states of mind.
>
> In exercising its equitable power to enforce a settlement, such exercise is restricted to cases where there is no dispute or ambiguity as to either the entry into, or the terms of the agreement. To enforce a settlement, a district court must conclude that agreement has been reached on all material terms.

*Id.* (internal quotations and citations omitted).

### C. Analysis

With these legal principles in mind, the Woodhaven Defendants argue that "there was clearly a meeting of the minds, as the parties agreed on all of the essential elements" of the alleged settlement. (Doc. #137 at 9). Citing to email correspondence exchanged between the parties, the Woodhaven Defendants further assert that it is "clear that a settlement was reached." (*Id.*). The Court disagrees.

It is true – as the Woodhaven Defendants point out – that Chomos admits in his response brief that "the parties agreed upon settlement." (Doc. #150 at 2 (referencing Doc. #147 at 3 ("the parties came to an agreement to settle")). That is not the end of the matter, however, as it is not clear to this Court that there was a meeting of the minds as to all of the essential terms of the proposed settlement. Specifically, Chomos has submitted sworn testimony that both he and Ms. Zabel only agreed to accept the proposed $12,500 settlement because they both understood that the Woodhaven Defendants would immediately deposit $500 into Chomos' prison account and pay the remaining balance of $12,000 in a manner which would protect it from seizure by the State Treasurer. (Doc. #147 at Ex. A, ¶8, Ex. B, ¶11). Indeed, in a *December 6, 2016* email to

4

Mr. Gilooly, Ms. Zabel indicated having reviewed the draft Full and Final Release with Chomos, identifying certain issues with provisions contained therein, and specifically stating:

> Also, you specifically stated during [] the mediation that you would structure the settlement so that the MDOC would not be able to go after Mr[.] Chomos for any of the settlement money. Please include this language in the revised release as well, as it was a major factor in Mr. Chomo's [sic] decision to settle.

(*Id.* at Ex. D). At oral argument on the instant motion, Mr. Gilooly denied making any such representation, and the undersigned voiced his own firm recollection that no such representation was made. Regardless, the undersigned regrettably failed to have the parties place the settlement terms on the record, and they now present conflicting evidence as to those terms, which suggests the absence of a full meeting of the minds. *See Riccio,* 2013 WL 6182837, at *3. To that end, the Court notes that even if it found that Mr. Gilooly made no representation that Chomos would retain the full $12,500 settlement amount, Chomos still contends that Defendants were to make a $500 initial deposit into Chomos' prisoner account, and no such payment is reflected in Defendants' proposed settlement agreement (or was ever made).

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Woodhaven Defendants' Motion to Enforce Settlement and Dismiss (**Doc. #137**) be **DENIED**.

Dated: March 30, 2017　　　　　　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## REVIEW

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. *See* E.D. Mich. L.R. 72.1(d)(2).

*Note these additional requirements at the direction of Judge Cleland:*

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2017.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
