**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK CHOMOS,

    Plaintiff,

  v.                                                            Case No. 15-10103

WOODHAVEN POLICE DEPARTMENT, et al.,

    Defendants.

_____/

**OPINION AND ORDER (1) OVERRULING DEFENDANTS' OBJECTIONS;
(2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND
(3) DENYING DEFENDANTS' MOTION TO ENFORCE SETTLMENT AND DISMISS**

Pending before the court is the report and recommendation (Dkt. # 152) of United States Magistrate Judge David R. Grand, to whom the case had been referred to for review pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Defendants Woodhaven Police Department, Frank Zdankiewcz, Ryan Smith, Brian Baker, Toth, Burst, City of Woodhaven, and Michael Graham have filed a motion to enforce a purported settlement agreement and dismiss the case. (Dkt. # 137.) The magistrate judge recommends that this motion be denied, finding that there has been no "meeting of the minds" as to whether Defendants would structure the payment such that the State Treasurer would not be able to seize it under the State Correctional Facility Reimbursement Act, Mich. Comp. Laws § 800.401 *et seq.* (*Id.*)

Defendants filed objections (Dkt # 156) to the report and recommendation and Plaintiff Mark Chomos has filed a *pro se* response. (Dkt. # 158). The court will overrule the objections, adopt the report and recommendation, and deny the motion for the reasons provided below.

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). This de novo review requires this court to examine the relevant pleadings and such evidence as may have been submitted in support of the motions. A failure to file objections, or a failure to file *specific* objections, constitutes a waiver of any further right of appeal. *United States v. Walters*, 638 F2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991).

In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Defendants raise two objections to the magistrate judge's report and recommendation. First, Defendants contend that the magistrate judge erroneously applied a subjective standard, as opposed to an objective standard, in finding that the parties' agreement lacked a "meeting of the minds." (Dkt. # 156, Pg. ID 3244-47.) Second, Defendants argue that the magistrate judge erred in noting that "Defendants were to make a $500 initial deposit into Chomos' [sic] prisoner account, and no such

payment is reflected in Defendants' proposed settlement agreement (or was ever made), arguing that Plaintiff waived that requirement. (*Id.* at Pg. ID 3247-51.)

District courts have an equitable power to enforce a settlement agreement, *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir.1988). A valid settlement agreement, like a contract, requires a meeting of the minds on all the essential terms. *Burkhardt v. Bailey,* 260 Mich.App. 636, 655, 680 N.W.2d 453 (2004). "A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Kamalnath v. Mercy Mem. Hosp. Corp.,* 194 Mich.App. 543, 548, 487 N.W.2d 499 (1992).

In exercising its equitable power to enforce a settlement, such exercise is restricted to cases where there is no dispute or ambiguity as to either the entry into, or the terms of the agreement. *Kukla v. National Distillers Products Co.,* 483 F.2d 619, 621 (6th Cir.1973). To enforce a settlement, a "district court must conclude that agreement has been reached on all material terms." *Brock,* 841 F.2d at 154. *See also ThermaScan Inc. v. Thermoscan, Inc.,* 217 F.3d 414, 419–20 (6th Cir.2000).

Defendants' first objection is entirely premised on the assertion that "the objective actions of the parties clearly indicate a settlement without [terms relating to payment in such a way as to be protected from seizure] and Plaintiff has offered nothing more than his subjective understanding of the terms to counter this evidence." (Dkt. # 156, Pg. ID 3444-45.) Defendants further aver that the parties agreed to settle for $ 12,500 at the settlement conference, thus establishing the contract, and that "Plaintiff's *only* argument against these facts is an affidavit of his own testimony . . . indicating that he understood

the terms differently." (*Id.* at Pg. ID 3246-47 (emphasis in original).) The court disagrees.

Defendants point to a December 5, 2016 email with a "Proposed Full and Final Release and Stipulated Order of Dismissal," claiming that it shows a memorialization of the settlement agreement. (Dkt. # 156-2.) But, as the magistrate judge noted, Plaintiff's power of attorney responded the next day, December 6, 2016, stating that the "full and final release" contained multiple terms that were not agreed upon during the settlement conference and that Plaintiff would not accept the additions. (Dkt. # 147, Pg. ID 3193.) The magistrate judge quoted the following particularly relevant paragraph:

> Also, you specifically stated during [] the mediation that you would structure the settlement so that the MDOC would not be able to go after Mr[.] Chomos for any of the settlement money. Please include this language in the revised release as well, as it was a major factor in Mr. Chomo's [sic] decision to settle.

(Dkt. # 152, Pg. ID 3232 (quoting Dkt. # 147, Pg. ID 3193).)

This communication constitutes objective evidence that there was no mutual assent to the same material terms. Further, it took place a full week before the State Treasurer's action was filed, severely undermining Defendants' contention in their underlying brief that "the overwhelming and obvious implication is that Plaintiff's decision to reject settlement was *wholly* driven by the initiation of the State Treasurer's lawsuit." (Dkt. # 156-2, Pg. ID 3259) (emphasis in original).) Curiously, Defendants do not address this communication in their objections at all.

Notwithstanding that the magistrate judge and Defendants' counsel deny any representation about the structure of the payments taking place at the settlement conference, the agreement was not placed on the record and the court is presented with conflicting evidence regarding the essential terms purportedly agreed to. As the court's

4

equitable power to enforce settlement may only be exercised "where there is no dispute or ambiguity as to either the entry into, or the terms of the agreement[,]" *Kukla,* 483 F.2d at 621, it may not use that power here. Accordingly, Defendants' first objection is overruled and the motion must be denied.

The court need not address Defendants' second objection. The court has read the report and recommendation and finds that it is well-reasoned, thorough, and correct. The court has reviewed all the accompanying briefing and finds Defendants' second objection to be without merit. Accordingly,

IT IS ORDERED that Defendants' objections (Dkt. # 156) are OVERRULED. The magistrate judge's report and recommendation (Dkt. # 152) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Defendants' motion to enforce the purported settlement agreement and dismiss (Dkt. # 137) is DENIED.

The court notes that, in the absence of settlement, the issues identified in the court's prior order referring all pretrial matters to the magistrate judge (Dkt. # 129) remain unresolved, and the referral order remains in effect.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 10, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(313) 234-5522