UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK CHOMOS,

                Plaintiff,         Civil Action No. 15-10103

v.                                          Honorable Robert H. Cleland
                                                     Magistrate Judge David R. Grand

WOODHAVEN POLICE
DEPARTMENT, *et al.*,

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS TOTH'S AND BRUST'S MOTION FOR SUMMARY JUDGMENT [157]

**I.    REPORT**

Before the Court is a Motion for Summary Judgment filed on April 13, 2017, by Defendants Lieutenant Toth and Detective Brust (incorrectly pled as "Burst") (collectively "Defendants"). (Doc. #157). Plaintiff Mark Chomos ("Chomos"), an incarcerated person, did not file a response to this motion, and the time for responding has now passed.[1] An Order of Reference was entered on October 12, 2016, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (Doc. #129).

In relevant part, Chomos' complaint includes excessive force claims, brought pursuant to 42 U.S.C. § 1983, arising out of his arrest on April 13, 2014. In their motion, Defendants assert that dismissal of Chomos' personal capacity claims against them is appropriate because Chomos cannot show that they had the requisite level of personal involvement in the events underlying

---

[1] In his Motion for Reconsideration of the Court's Denial of Appointment of Pro Bono Counsel, filed on May 19, 2017, Chomos specifically indicated that he is not opposing Defendants' summary judgment motion. (Doc. #161 at ¶8).

his claims.[2] (Doc. #157 at 19-29). For the reasons set forth below, the Court agrees.

It is clear that, in order to demonstrate liability under § 1983, a plaintiff must first establish that each named defendant acted under color of state law and that his or her actions violated rights secured by the Constitution and/or laws of the United States. *See Baker v. McCollan*, 443 U.S. 137 (1989). The plaintiff also must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*; rather, in order for a party to be held liable under Section 1983, there must be a showing that the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Bellamy*, 729 F.2d at 421.

In this case, the undisputed evidence clearly establishes that Defendants were not personally involved in any of the activity that forms the basis of Chomos' claims. Specifically, Chomos alleges only that Detective Brust "failed to investigate or report excessive use of force by officers' [sic] in his department." (Doc. #57 at 15). Courts have recognized, however, that § 1983 does not allow for personal liability claims for the mere failure to investigate. *See Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012). Similarly, with respect to Lieutenant Toth, Chomos alleges that he showed "deliberate indifference when he failed to train or

---

[2] Defendants also assert that Chomos' official capacity claims against them should be dismissed because they are duplicative of his claims against the City of Woodhaven. (Doc. #157 at 18-19). As Defendants point out, "courts have generally treated such [official capacity] suits as 'another way of pleading an action against an entity of which an officer is an agent.'" (*Id.* at 18 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). Because Chomos' official capacity claims against Lieutenant Toth and Detective Brust are more accurately viewed as claims against the City of Woodhaven, his claims against these individual defendants should be dismissed as duplicative.

supervise officers' [sic] under his direct command, in their exertion of excessive force …." (Doc. #57 at 14).  The Sixth Circuit has recognized, however, that in order for supervisory liability to be imposed, a supervisor "must be personally involved in the conduct" and "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see."  *Doe v. City of Roseville*, 296 F.3d 431, 440 (6th Cir. 2002) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

In this case, Chomos does not even *allege*, let alone come forward with any evidence, suggesting that Lieutenant Toth would be subject to supervisory liability in this case.  Moreover, as indicated above, Chomos apparently realizes that his claims against Defendants are not viable, as he has indicated in a recently-filed motion that he does not oppose Defendants' instant motion (and was even willing to stipulate to dismiss his claims against these individuals).  (Doc. #161 at 5).  For all of these reasons, the Court agrees that dismissal of Chomos' claims against Defendants Toth and Brust is appropriate.

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment (**Doc. #157**) be **GRANTED** and that Chomos' claims against Lieutenant Toth and Detective Brust be **DISMISSED** in their entirety and with prejudice.

Dated: May 25, 2017　　　　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### REVIEW

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections

constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. *See* E.D. Mich. L.R. 72.1(d)(2).

*Note these additional requirements at the direction of Judge Cleland:*

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 25, 2017.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
