# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK CHOMOS,

    Plaintiff,

v.                                                    Case No. 15-10103

WOODHAVEN POLICE DEPARTMENT,
et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE AUDIO EXHIBITS

After receiving notification that there were some evidentiary disputes between the parties in advance of trial, the court conducted an on the record telephone conference in this matter on August 13, 2018. During the conference, Plaintiff orally moved to exclude audio recordings on Defendants' exhibit list. (Dkt. #207.) Specifically, Plaintiff moved to exclude recordings of two telephone calls made to the Woodhaven Police Department; each relates to Plaintiff's presence at Millie's Family Diner and the subsequent dispatch of Woodhaven Police Officers. Defendants have submitted the recordings to the court for in camera review. Having listened to the recordings, the court will grant in part and deny in part Plaintiff's motion.

In the first recording, a caller inquires of the answering Lieutenant whether it is safe to leave his house—the caller explains that an officer driving through the caller's neighborhood told residents to stay inside because the police were pursuing someone. He asks whether the Lieutenant knows whether they now have the "all clear" to go

outside. The Lieutenant responds that the officers "caught him about two minutes ago in a different area," so the caller can safely leave his house.

The court will exclude this recording as irrelevant. The recording does not tend to make any fact at issue in this case more or less likely to be true—it explains nothing about the officer's pursuit of Plaintiff or his capture. It is, in other words, both unimportant and uninformative, and it will be excluded.

In the second recording (which temporally occurred before the first), an employee at Millie's Family Diner informs the answering Lieutenant that there is a man (Plaintiff) who will not leave the restaurant. She says that the waitresses have asked the man "numerous times" not to come to the restaurant, that the man just got out of prison, and that she does not trust him. After the caller gives a physical description of Plaintiff, the Lieutenant tells her that he will send officers "right away." Defendants have submitted an edited version of the phone call that omits the reference to Plaintiff's recent release from prison.

Plaintiff says this recording is inadmissible hearsay. The court disagrees. The recording is not being used to prove the truth of the matter asserted—it is not being used to prove that there was a man at Millie's Family Restaurant that would not leave. Rather, the recording is offered for its effect on the listeners: the answering Lieutenant and the officers to whom the information was eventually conveyed. Their understanding of the situation is undoubtedly relevant to whether their use of force was objectively reasonable. *See Graham v. Connor*, 490 U.S. 386, 389 (1989). The information that was conveyed to them—whether truth or falsehood—bears on that understanding.

2

True, Defendants will need to offer evidence that the information was, indeed, relayed to the officers that were dispatched to Plaintiff's location; if the information was never relayed, it could not have informed the officers' understanding of reasonable force. But the court may provisionally admit the phone call on the condition that Defendants introduce evidence that the answering Lieutenant conveyed the substance of the call to the individual officers. *See* Fed. R. Evid. 104(b).

The court will order that the edited version of the phone call—the one that omits reference to Plaintiff's recent release from prison—be the one presented at trial. The court has already determined that Plaintiff's conviction for retail fraud (the conviction for which he was released prior to this incident) is inadmissible unless Plaintiff opens the door to its introduction. (*See* Dkt. #205.) Reference to that conviction is thus properly excluded from this phone call as well. Accordingly,

IT IS ORDERED that Plaintiff's Oral Motion to Exclude Audio Exhibits (Dkt. #207) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that the first phone call (of a man asking whether it is safe to leave his house) will be excluded. It is DENIED in that the second, edited phone call (of the Millie's employee) is admissible pending adequate foundation.

                                                    s/Robert H. Cleland                /
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated:   August 15, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 15, 2018, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner                    /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522